## CIRCUIT COURT OF LOUDOUN COUNTY

William G. Katz

v.

Randy Michael Waterman

v.

Susan Stanton Katz

Case No. (Law) 24520

Curren Elizabeth Katz

v.

Randy Michael Waterman

v.

Susan Stanton Katz

Case No. (Law) 24522

June 17, 2002

BY JUDGE JAMES H. CHAMBLIN

These cases came before the Court on June 5, 2002, for argument on the Plea in Bar of the Third-Party Defendant, Susan Stanton Katz ("Katz"), to the Third-Party Motion for Judgment filed by the Defendant and Third-Party Plaintiff, Randy Michael Waterman for contribution. The Plea in Bar asserts

that the contribution action is precluded under Va. Code § 8.01-34 because of Waterman's conduct involving moral turpitude. For the reasons that follow, the Plea in Bar is denied.

The facts upon which the Plea in Bar is based are not in dispute. On April 25, 1999, a vehicle driven by Waterman and a vehicle driven by Katz were involved in a collision on Route 50 in Fauquier County. William G. Katz ("Dr. Katz") and Curren Elizabeth Katz ("Curren") were passengers in the Katz vehicle.

Dr. Katz and Curren have brought suit against Waterman to recover damages for injuries received in the collision. In each case, Waterman has filed a third-party motion for judgment for contribution against Katz.

As a result of the collision, Waterman was prosecuted criminally in Fauquier County for, among other things, felony hit and run under Va. Code § 46.2-894. It was alleged that Waterman fled the scene without rendering assistance after the collision.

On January 16, 2002, Waterman entered a plea of guilty to, and was found guilty of, felony hit and run. When Waterman pleaded guilty, he specifically admitted that he was in fact guilty of the offense.

Katz in her Plea in Bar asserts that felony hit and run is a crime involving moral turpitude, and, therefore, Waterman's contribution claim is barred under Va. Code § 8.01-34, which provides, "Contribution among wrongdoers may be enforced when the wrong results from negligence and involving no moral turpitude." (Emphasis supplied.)

Contribution among joint tortfeasors did not exist at common law. It was created by statute in 1919. The present statutory version is found in Va. Code § 8.01-34. As contribution in Virginia is in derogation of common law, the statute must be strictly construed.

Katz's argument is very simple. Waterman pleaded guilty to felony hit and run. He stipulated to facts that were sufficient to convict him of the offense. He was found guilty. Felony hit and run is a crime involving moral turpitude. Waterman's driving, which resulted in the accident, and his leaving the scene is all part of the same occurrence or transaction during which Dr. Katz and Curren were injured.

Counsel have not cited, and I cannot find, any reported Virginia cases holding that felony hit and run is a crime involving moral turpitude. If it is not, then the resolution of the Plea in Bar is simple. If it is an offense involving moral turpitude, then the answer is not so simple.

For purposes of this Plea in Bar, I will assume, but not decide, that felony hit and run is a crime involving moral turpitude.

It is clear that, under Va. Code § 8.01-34, contribution lies when the negligence of two or more wrongdoers, joint tortfeasors, cause an indivisible injury to one person. Contribution is available "when the wrong results from negligence and involves no moral turpitude." For contribution to be available to Waterman, he must prove that his negligence and Katz's negligence resulted in the injuries to Dr. Katz and Curren and that no moral turpitude was involved on his part.

The actions of Waterman that raise his conduct to one involving moral turpitude occurred after the vehicles collided and after Dr. Katz and Curren were injured. Katz argues that all of Waterman's actions, from his driving to his leaving the scene, must be considered as one continuous transaction or course of conduct. I am reluctant to accept this argument as a matter of law. I think the better approach is to let the trier of fact on the contribution claim decide whether Waterman's conduct involved moral turpitude.

If the actions of Waterman in driving his vehicle leading up to the collision constituted a crime involving moral turpitude to which he pleaded guilty, then I think that Katz would have a better argument that the contribution claim should be barred as a matter of law. A person does not have to be at fault in causing the accident to be guilty of hit and run. The moral turpitude in hit and run is mutually exclusive from the defendant's allegedly negligent driving that resulted in the accident.

The Plea in Bar is denied. Let Mr. Palmer prepare an order denying the Plea in Bar to which Mr. Cowan may note his exceptions.